IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aviation West Charters, LLC,<br><br>              Plaintiff,<br><br>     vs.<br><br>Star Marketing and Administration, Inc., et al.,<br><br>              Defendants. | CV 15-01614 PHX PGR<br><br>ORDER SETTING SCHEDULING CONFERENCE |

Pursuant to LRCiv 16.2, this action is designated a **standard track** case.[1] Accordingly,

IT IS ORDERED that:

---

[1] The Local Rules for the District of Arizona, as amended effective December 1, 2014, and the Court's Electronic Case Filing Administrative Policies and Procedures Manual, may be found at **www.azd.uscourts.gov**. The Court expects counsel to familiarize themselves with the Local Rules as the Court will enforce them.

Counsel are advised that the Chambers' e-mail box, established pursuant to the Court's CM/ECF rules, is to be used solely for the purpose of sending proposed orders to the Court, **and is NOT to be used as a means of communicating with Chambers' staff.**

(1) This order shall serve as notice to the plaintiff under Fed.R.Civ.P. 4(m) that the Court shall dismiss this action without further notice with respect to any defendant for whom there is not a proper return of service on file establishing that service of process was accomplished within 120 days of the filing of the complaint, unless the plaintiff has filed prior to the expiration of the 120-day service period a motion requesting an extension of time to accomplish service, or unless Rule 4(m) is not applicable because service must be effectuated in a foreign country.

(2) **THE LIMITATION ON THE COMMENCEMENT OF FORMAL DISCOVERY SET FORTH IN FED.R.CIV.P. 26(d) IS WAIVED - FORMAL DISCOVERY NOT ONLY MAY COMMENCE AT ANY TIME AFTER SERVICE OF PROCESS, BUT THE COURT EXPECTS DISCOVERY TO COMMENCE PRIOR TO THE SCHEDULING CONFERENCE.**

(3) Pursuant to Fed.R.Civ.P. 16(a), **a Scheduling Conference is set for Monday, November 2, 2015, at 11:00 a.m.**, in Courtroom 601 of the Sandra Day O'Connor United States Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003. The parties are directed to Rule 16 for the objectives of this conference. **Lead counsel shall appear in person at the Scheduling Conference**. At least one attorney for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed.

(4) The parties, through their counsel, or through themselves if not represented, are directed to meet, either in person or by telephone, at least <u>14 days</u> before the date for filing the Joint Case Management Report to confer regarding:[2]

A. The possibility of voluntarily consenting to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) for all further purposes, including but not

---

[2] The provisions of paragraphs (4) and (5) of this Order are expressly intended to modify the provisions of Fed.R.Civ.P. 26(f) regarding the meeting of counsel and the filing of a proposed discovery plan.

1  limited to the conducting of a jury or non-jury trial and the entry of final judgment, and the
2  suitability of the action for referral to an alternative dispute resolution mechanism, pursuant
3  to LRCiv 83.10;

4    B. Any matters relating to jurisdiction, venue, or joinder of additional parties;

5    C. The scope of discovery and possible limitations thereof, including (1) any
6  issues relating to the preservation of discoverable information, including issues regarding
7  the disclosure or discovery of electronically stored information and the forms in which it
8  should be produced, (2) any issues relating to assertions of privilege or work product
9  protection, and (3) any suggested changes in the limitations on discovery imposed by the
10 Federal Rules of Civil Procedures.  The parties are expected to minimize the expense of
11 discovery whenever possible.  In cases in which dispositive motions will be filed, the
12 parties should consider limiting discovery to the issue at hand until the Court has ruled on
13 the motion;

14   D. A schedule of all pretrial proceedings, including a trial date, an estimate
15 of the length of trial, and any suggestions for shortening trial;

16   E. Prospects for settlement, including whether the parties wish to have a
17 settlement conference before a magistrate judge; and

18   F. Any matters which the parties may feel will help dispose of the matter in
19 an efficient and economical manner.

20  (5) **THE PARTIES SHALL FILE WITH THE COURT, NOT LESS THAN**
21 **FOURTEEN (14) CALENDAR DAYS BEFORE THE SCHEDULING**
22 **CONFERENCE, A "JOINT CASE MANAGEMENT REPORT" REFLECTING**

**THE RESULTS OF THEIR DISCUSSIONS.**[3] The Joint Case Management Report shall include individually lettered brief statements, set forth in the following order, indicating:

  A. The names of the parties' counsel, or if unrepresented the names of the parties, who participated in the conference, the method by which the conference took place, and the date of the conference.

  B. The nature of the case, setting forth the factual and legal bases of the plaintiff's claims and the defendant's defenses in <u>sufficient detail</u> such that the Court need not refer to the parties' pleadings to understand what the case is about;

  C. The jurisdictional basis of the case, citing specific statutes;

  D. The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;

  E. The parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance. <u>Unless counsel can otherwise show cause, a stipulation for dismissal or notice of voluntary dismissal shall accompany the joint report dismissing any party, including a fictitiously-named party, which has not been served, or a motion seeking entry of default and default judgment on any non-appearing, properly-served party</u>;

  F. The names of parties not subject to the Court's jurisdiction;

  G. What formal or informal discovery has been done and, if none, the reasons <u>justifying</u> the lack of discovery.

  H. What agreements have been entered into, and what unresolved issues remain, regarding the preservation and disclosure of discoverable information, including issues related to electronic discovery and assertions of privilege;

---

[3] For purposes of the Court's CM/ECF system, the Joint Case Management Report is to be e-filed under the heading of "Report re: Rule 26(f) Planning Meeting."
The report is to be signed in accordance with the "Multiple Signatures" provision of the Electronic Case Filing Administrative Policies and Procedures Manual.

I. Whether there are further dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated;

J. Whether the parties will consent to have a United States Magistrate Judge preside over all further proceedings, including trial and the entry of judgment, or to have the case referred to an alternative dispute resolution method;

K. The identity of and status of any related cases pending before other judges of the District of Arizona or before any other federal, state, or municipal court (see LRCiv 42.1(a) for meaning of relatedness), and, if a related case exists, how the cases are related, and, if the related case is another federal district court case, whether a motion to consolidate or transfer has been filed and if none, the reasons <u>justifying</u> the lack of such a motion;

L. Proposed deadlines for (1) filing motions pursuant to Fed.R.Civ.P. 12(b), (2) filing requests, whether by motion or stipulation, to amend pleadings or to join additional parties; (3) exchanging initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1), and disclosing expert witnesses and their reports pursuant to Fed.R.Civ.P. 26(a)(2); (4) completing expert witness depositions; (5) completing discovery; (6) filing dispositive or partially dispositive motions; and (7) filing a Joint Pretrial Statement. (**Specific dates, i.e. a month, day, and year** - not x days before trial, etc. - for these deadlines must be included <u>in the body</u> of the Joint Case Management Report, using the attached form of Scheduling Order as a reference only - do not submit a completed proposed scheduling order. The proposed dates must not be a federal legal holiday or a weekend.) If the parties cannot agree on deadlines, separate dates may be submitted for discussion at the Scheduling Conference;

M. Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

1         N.  Whether a jury trial has been requested, and if the parties differ as to whether a jury trial has been properly requested, the bases for their positions;

        O.  Whether any settlement negotiations have taken place and the prospects for settlement, including any request to have a settlement conference before another United States District Judge or Magistrate Judge, or other request of the Court for assistance in settlement efforts;

        P.  In class actions, the proposed dates for class certification proceedings and other class management issues.  Such certification will result in the case being reassigned to the **complex track** for case management purposes;

        Q.  Whether any unusual, difficult, or complex problems or issues exist which would require this case to be placed on the **complex track** for case management purposes; and

        R.  Any other matters which the parties feel will aid the Court in resolving this dispute in a just, speedy, and inexpensive manner.

    (6)    <u>The plaintiff shall serve a copy of this order on all defendants who have not filed an appearance with the Court, either with service of process or promptly after receipt of this order if service was accomplished prior to such receipt, and shall promptly file a notice of such service.</u>  It shall be the responsibility of the plaintiff to timely initiate the communication necessary to prepare the Joint Case Management Report.  **<u>THE PARTIES AND THEIR COUNSEL ARE WARNED THAT APPROPRIATE SANCTIONS MAY BE IMPOSED PURSUANT TO FED.R.CIV.P. 16(f) AND FED.R.CIV.P. 37(b)(2) IF THERE IS A FAILURE TO TIMELY COMPLY WITH THIS ORDER OR IF THERE IS A FAILURE TO ATTEND THE SCHEDULING CONFERENCE.</u>**  If a party or counsel believes that good cause exists to continue the deadline for filing the Joint Case Management Report and the Scheduling Conference date, it shall be that person's

6

1 | responsibility to formally seek such a continuance <u>prior</u> to the date for filing the Joint Case
2 | Management Report.[4]
3 |     (7)    After the Scheduling Conference, the Court will enter a Scheduling Order,
4 | which shall control the course of this action, unless modified by subsequent order.  This
5 | Court views this Scheduling Conference as critical to its case management responsibilities
6 | and those of the parties, and the parties are cautioned that the <u>deadlines set at this</u>
7 | <u>conference shall be enforced and that no amendments to the Scheduling Order shall be</u>
8 | <u>made without a court order</u>.
9 |     (8)    **The parties shall satisfy the filing requirement of Fed.R.Civ.P. 26(a)(4)**
10 | **by filing with the Clerk of the Court a notice of disclosure - no copies of any actual**
11 | **disclosures shall be filed with the Court. (See LRCiv 5.2).**
12 |     DATED this 10th day of September, 2015.

_Paul G. Rosenblatt_
United States District Judge

---

[4] In order to conserve scarce judicial resources, the parties are directed to promptly inform the Court if they are involved in negotiations which they reasonably believe may make the resolution of <u>any pending motion</u> unnecessary.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xxxxx,<br><br>            Plaintiff,<br><br>    vs.<br><br>Yyyyy,<br><br>            Defendant. | CV _____ P__ PGR<br><br>SCHEDULING ORDER |

A Scheduling Conference having been held before this Court on _____,

IT IS ORDERED that:

(1) Motions pursuant to Fed.R.Civ.P. 12(b) shall be filed no later than _____, and requests, whether by motion or stipulation, to amend pleadings or to join additional parties shall be filed no later than _____.[5]

(2) Parties shall exchange their respective initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1), and file with the Court a notice of such exchange, no later than __.

---

[5] In order to conserve scarce judicial resources, the parties are directed to promptly inform the Court if they are involved in negotiations which they reasonably believe may make the resolution of any pending motion unnecessary.

Counsel are advised that the Chambers' e-mail box, established pursuant to the Court's CM/ECF rules, is to be used solely for the purpose of sending proposed orders to the Court, **and is NOT to be used as a means of communicating with Chambers' staff.**

**EXHIBIT TO ORDER**

The plaintiff shall disclose its expert witnesses, if any, and their reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than _____. The defendant shall disclose its expert witnesses, if any, and their reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than ____. Rebuttal experts and their reports, if any, shall be disclosed no later than ____. Expert witness depositions shall be completed by ____.

(3) All discovery, including answers to interrogatories, shall be completed by ____, and supplemental disclosures and discovery responses shall thereafter be made as required by Fed.R.Civ.P. 26(e). Discovery which cannot be timely responded to prior to the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions. Parties are directed to LRCiv 7.2(j), which prohibits filing discovery motions unless the parties have first met to resolve any discovery difficulties. If parties cannot reach a resolution of discovery disputes arising during depositions, they are directed to arrange a conference call with the Court to resolve the disputes.

(4) All dispositive or partially dispositive motions shall be filed by ____.

(5) A Joint Pretrial Statement shall be filed by _____. If dispositive or partially dispositive motions are filed, then this Joint Pretrial Statement shall be due either on the above date or 30 days following the resolution of the motions, whichever is later, or on a date to be set by the Court in its order resolving the dispositive or partially dispositive motions.

The content of the Joint Pretrial Statement shall include, but not be limited to, that prescribed in a standard form of Joint Pretrial Statement provided to the parties. The parties shall augment the Joint Pretrial Statement as necessary so it contains all of the pretrial disclosures as defined and required by Fed.R.Civ.P. 26(a)(3). It shall be the responsibility of the plaintiff to timely initiate the process of drafting the Joint Pretrial Statement and the plaintiff shall submit its draft of the Joint Pretrial Statement to the

defendant no later than <u>ten business days</u> prior to the date for filing the Joint Pretrial Statement.

(6) Motions in limine shall be filed no later than the date for filing the Joint Pretrial Statement. Responses to motions in limine are due ten business days after service. No replies are permitted. The hearing on the motions in limine, if one is permitted by the Court, will take place at the time of the Pretrial Conference. <u>No motion in limine shall be filed unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter</u>.

(7) The attorneys for each party who will be responsible for trial of the lawsuit, or the parties if <u>pro per</u>, shall appear and participate in a Pretrial Conference on _____. If dispositive or partially dispositive motions are filed, the Court will enter an order, as necessary, continuing the date of the Pretrial Conference, the deadline for filing trial-related documents, and the trial date until after the resolution of such motions and the filing of a Joint Pretrial Statement.

Because Pretrial Conferences are held for the parties' benefit, and further because the parties' presence will facilitate frank discussion of the pertinent issues in the lawsuit, each party, or a representative of each party with binding settlement authority, shall attend the Pretrial Conference.

(8) Unless otherwise subsequently ordered by the Court, the parties' trial briefs, proposed findings of fact and conclusions of law or proposed jury instructions and proposed voir dire questions shall be filed no later than _____.[6]

---

[6] The trial brief shall raise all significant disputed issues of law and fact, including foreseeable procedural and evidentiary issues, and shall set forth the party's positions thereon with supporting arguments and authorities.

A form with instructions regarding the marking, listing and custody of exhibits, and a form with instructions regarding the submission of jury instructions, shall be given to counsel at the Pretrial Conference.

1   (9) Unless otherwise subsequently ordered by the Court, the trial of this action shall
2   commence on _____ .
3   (10) **The parties are cautioned that the deadlines set in this Scheduling Order**
4   **shall be enforced, and that the Court will not entertain any stipulations to continue**
5   **them - any request to extend any of the deadlines set herein must be made by means**
6   **of a motion, joint or otherwise, and no such motion shall be granted unless very good**
7   **cause is shown.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Xxxxxxxx, | ) | |
| Plaintiff, | ) | CV ____ P__ PGR |
| vs. | ) | JOINT PRETRIAL STATEMENT |
| Yyyyyyyy, | ) | |
| Defendant. | ) | |

Pursuant to the Scheduling Order entered on _____, the following is the parties' Joint Pretrial Statement.

**A.** **COUNSEL FOR THE PARTIES**. Include mailing address, office phone and fax numbers.

**B.** **STATEMENT OF JURISDICTION**. Cite the facts and the statute(s) which give this Court jurisdiction.

**C. PARTIES REMAINING IN ACTION.** List the parties named in the operative complaint who have not been dismissed from the action. If any of the remaining parties have not been served, list those parties separately.

**D. CLAIMS/CAUSES OF ACTIONS REMAINING IN ACTION.** List by name and count number (if any) the claims or causes of action in the operative complaint that have not been previously dismissed.

**E. NATURE OF ACTION**. Provide a concise statement of the type of case, the cause of action, and the relief sought.

**EXHIBIT TO ORDER**

1  **F.    CONTENTIONS OF THE PARTIES.** With respect to each count of the complaint, counterclaim or cross-claim, and to any defense or rebuttal of a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proved in order for the party to prevail on that claim or defense. Brief citation to relevant legal authority is required. Statements made shall not be in form of a question but should be a concise narrative statement of each party's contention as to each uncontested and contested issue.

**G.    STIPULATIONS AND UNCONTESTED MATERIAL FACTS.**

**H.    CONTESTED ISSUES OF MATERIAL FACT.** Each issue of fact must be stated separately and in specific terms, as must the parties' contentions as to each issue.

**I.    CONTESTED ISSUES OF LAW**. Each issue of law must be stated separately and in specific terms, as must the parties' contentions as to each issue.

**J.    WITNESSES.** List all potential witnesses by name and address, identifying each as either plaintiff's or defendant's, and indicating (1) whether the witness is a fact or expert witness, (2) whether the witness will be called at trial, may be called at trial, or is unlikely to be called at trial, and (3) if outside the Court's subpoena power, whether the witness has been contacted to determine if the witness will voluntarily agree to testify. A brief statement as to the anticipated testimony of each witness must be included.

**K.    LIST OF EXHIBITS.** Potential exhibits shall be numbered and listed by each party, with a description of each containing sufficient information to identify the exhibit, and indicating as to each exhibit whether the parties have or will agree to its admission or whether an objection is anticipated. The party opposing the admission of any exhibit shall specify the objection and briefly explain the basis for the objection. Those portions of depositions that

will be read at trial must be listed by page and line number, and objections thereto must be specified.

**L.      LIST OF PENDING MOTIONS**. Identify by name and date of filing.

**M.     PROBABLE LENGTH OF TRIAL AND WHETHER A JURY TRIAL OR BENCH TRIAL.** The reason for any dispute as to whether a jury trial was timely requested must be specified.

**APPROVED AS TO FORM AND CONTENT**:

_____    _____
Attorney for Plaintiff(s)              Date

_____    _____
Attorney for Defendant(s)            Date